**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| RANDAL L. VAN SCYOC and CHARLENE S. VAN SCYOC, et al. ) ) ) | |
| Plaintiffs, ) | Civil Action No. 2:13-cv-01735 |
| v. ) ) | Judge Mark R. Hornak |
| EQUITRANS, L.P., EQT PRODUCTION COMPANY, and LAWRENCE H. MILLER and ELEANOR S. MILLER, husband and wife, ) ) ) ) ) | |
| Defendants. ) ) | |

## OPINION

**Mark R. Hornak, United States District Judge**

This case started in state court. The Defendants removed it, invoking federal question jurisdiction by stating that what appeared to be paradigm state law claims really arise under a law of the United States. ECF No. 1, at ¶ 9. Before the Court is Plaintiffs' Motion to Remand the case to state court. Because the Court concludes that the Plaintiffs' claims raise issues of state law only, the case will be remanded forthwith to the Court of Common Pleas of Greene County, Pennsylvania.

## I.    BACKGROUND

This civil action was originally brought in the Court of Common Pleas of Greene County, Pennsylvania, by a number of Plaintiff-landowners against the Defendants Equitrans, L.P. ("Equitrans") and EQT Production Company ("EQT"). The Complaint alleges three counts: (1) an action for a declaratory judgment that the EQT Defendants have no right to the oil and gas on

or within the property of the Plaintiffs; (2) for trespass by Equitrans; and (3) for unjust enrichment by Equitrans. ECF No. 1-2, at 8–11. Also named as Defendants are Lawrence and Elanor Miller, who are alleged to also be owners of a certain portion of the involved real estate, and who are alleged to have acted in concert with EQT.

The facts asserted in the Complaint are as follows. On March 8, 1918, a number of property owners entered into an oil and gas lease ("Lease") with Lloyd Pollock for property located in Morris Township, Greene County, Pennsylvania ("the Property"). The Plaintiffs attached the Lease to their Complaint. *See* ECF No. 1-2, at 40–42. Lloyd Pollock assigned his interest in the Lease to Carnegie Natural Gas Company on March 15, 1918. EQT then acquired the Lease and is the current lessee. The Plaintiff-landowners are fee simple owners of the Property (or portions thereof), including oil and gas rights. The Lease states that it was "for the purpose of drilling and operating for oil, gas, or water . . . " and for a ten year term beginning on March 8, 1918 "or such part of said term as [Pollock] may consider it valuable for oil and gas purposes, and comply with the terms hereinafter mentioned, or as long thereafter as oil or gas is produced in paying quantities." The Lease did not, however, provide the right to store gas under the Property or the right to use the Property for the protection of gas storage. ECF No. 1-2, at ¶¶ 28–38. Plaintiffs argue that the Lease has terminated. Only two wells were drilled on the property—one in 1919 and one in 1920—but none have been drilled in over 90 years. Plaintiffs say that for many years after the expiration of the primary term, the wells did not produce any oil or gas, nor have the wells produced gas in paying quantities. ECF No. 1-2, at ¶¶ 39–43. Thus, say Plaintiffs, the Lease has terminated by its own terms. *Id.* at ¶ 44.

Plaintiffs say that Equitrans is operating one or more natural gas storage fields below the Property despite their never having contracted with the Plaintiffs (or anyone else) to do so. *Id.* at

¶¶ 46–47. They assert that Equitrans intentionally stored gas on the Property owned by the Plaintiffs without permission. The Plaintiffs bring Count I under the Pennsylvania Declaratory Judgment Act, 42 Ps.C.S. § 7531 *et seq.*, seeking a declaratory judgment on the issues of whether the Lease has terminated as a result of EQT's failures under the Lease's terms and whether EQT breach two alleged implied covenants. *Id.* at ¶¶ 49–53. Count II is a state law trespass claim brought against Equitrans, who the Plaintiffs say interfered with their exclusive rights of possession, use, enjoyment, and control of the Property as a result of Equitrans' gas storage on the Property. *Id.* at ¶¶ 54–59. Count III alleges unjust enrichment against Equitrans for not compensating Plaintiffs despite continuing to store gas on the Property. *Id.* at ¶¶ 60–66.

Defendants Equitrans and EQT timely removed the case to this Court.[1] ECF No. 1, at 1–2. The removing Defendants cited 28 U.S.C. § 1441(a) in their Statement of Removal, explaining that removal of an action originally filed in state court is proper in "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." ECF No. 1, at 2. The removing Defendants also cited 28 U.S.C. § 1331: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

Plaintiffs timely filed a motion (and a supporting brief) pursuant to 28 U.S.C. § 1447(c) requesting that the case be remanded to the Court of Common Pleas of Greene County, Pennsylvania. Plaintiffs' primary basis for the propriety of remand is that this case really involves state law claims, not federal ones. As will be discussed later in this Opinion, Equitrans had not, at the time of the Plaintiffs' filing of the suit in state court or at the time of removal,

---

[1] Defendant EQT joined in the Notice of Removal. The Millers did not. Equitrans asserts that because the Millers had not been served at the time of removal, their joinder in the Notice of Removal was not necessary. 28 U.S.C. §1446(b)(2)(A).

initiated a proceeding under the Natural Gas Act ("NGA") seeking to condemn the property. ECF No. 10, at 2–3. According to Plaintiffs, therefore, the claims at issue were state law claims and not completely preempted by the NGA.

EQT and Equitrans filed Answers to the Complaint. ECF Nos. 11–12. Equitrans also included a Counterclaim pursuant to the Natural Gas Act, 15 U.S.C. §§ 717-717(z) and Federal Rule of Civil Procedure 71.1, seeking to condemn property interests necessary to conduct natural gas storage. ECF No. 12, at 9. Accompanying the Counterclaim were Notices of Condemnation. ECF Nos. 13–33. The removing Defendants then filed a Response to the Motion to Remand to state court, ECF No. 37, and also filed a Supplemental Response and accompanying brief, ECF No. 40–41. Plaintiffs then filed a Notice of Supplemental Authority. ECF No. 42

The Court conducted oral argument and has reviewed all the papers in this case. For the reasons that follow, the Court will grant the Plaintiffs' Motion to Remand and will remand the entire case to the Court of Common Pleas of Greene County, Pennsylvania.

## II.   **STANDARD OF REVIEW**

District courts have original jurisdiction over any civil action "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Removal of an action brought in state court to federal court is permitted where the district court has original jurisdiction. 28 U.S.C. § 1441(a). "Where a state law cause of action is completely preempted by a federal statute, the suit is deemed within the original jurisdiction of the district court and subject to removal." *Ciferni v. Day & Zimmerman, Inc.*, 529 F. App'x 199, 201 (3d Cir. 2013) (citing *Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557, 559–60 (1968)).

"Remand to state court is required 'if at any time before final judgment it appears that the district court lacks subject matter jurisdiction.'" *Hoffman v. Nutraceutical Corp.*, 563 F. App'x 183, 185 (3d Cir. 2014) (quoting 28 U.S.C. § 1447(c)) (alteration omitted). Moreover, "the removal statute should be strictly construed and all doubts should be resolved in favor of remand." *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985). "The defendant's right to remove is to be determined according to the plaintiffs' pleading at the time of the petition for removal, and it is the defendant's burden to show the existence of federal jurisdiction." *Id.* (citing *Pullman Company v. Jenkins*, 305 U.S. 534, 537, 540 (1939)).

## III. DISCUSSION

The primary issue facing the Court is whether the Plaintiff landowners have brought only state law claims for trespass and unjust enrichment, or whether they have actually brought claims that *must* be construed as inverse condemnation claims, which would be preempted by the Natural Gas Act, 15 U.S.C. §§ 717 *et seq.* ("NGA"). For the reasons that follow, the Court concludes that the Plaintiffs' claims are not preempted by the NGA.

The Defendants argue that the Plaintiffs' state law trespass and unjust enrichment claims are completely preempted by the NGA, and, in support of that position, they cite *Columbia Gas Transmission Corp. v. An Exclusive Storage Easement*, 747 F. Supp. 401, 402 (N.D. Ohio 1990). The Defendants argue that, because Plaintiffs' only claims are for trespass and unjust enrichment, the claims are "actually inverse condemnation and/or takings claims, and are therefore subject to, and preempted by, federal law." ECF No. 37, at 4.[2] In *Columbia Gas*, the

---

[2] The complete preemption rule applies to removed cases, *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 10–11, and n.9 (1983). Further, absent such "complete preemption," there is no federal question jurisdiction supporting removal unless the case as pled by the Plaintiff is predicated on federal law, *Louisville & Nashville R. Co. v. Motley*, 211 U.S. 149, 152 (1908), and federal jurisdiction cannot be based on either an anticipated federal defense, *id.*, or on a federal law counterclaim, *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826, 830 (2002). Of course, the "mere presence" of a federal issue in a state cause of action does not confer federal question jurisdiction. *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478

court concluded that a landowner's state law counterclaims for trespass and punitive damages were preempted by the NGA, and made a sweeping statement regarding the preemptive effect of the NGA:

> The Court concludes that the State of Ohio has no power to regulate, directly or indirectly, a natural gas storage field certificated by the Federal Energy Regulation Commission (FERC). The Court finds that such an invocation of preemption applies to the exercise of eminent domain powers whether exercised by the U.S. Government or by a private company granted the power of eminent domain such as has been accorded Columbia in connection with its Weaver Storage Field for the storage of natural gas.

*Columbia Gas*, 747 F. Supp. at 404.

In a later case involving the same issue, *Humphries v. Williams Natural Gas Co.*, 48 F. Supp. 2d 1276, 1279 (D. Kan. 1999), the district court identified what it concluded was a flaw in this reasoning: That the *Columbia Gas* opinion failed to distinguish between the authority of the federal government to condemn property and the more limited right of a private entity to do so under § 717f(h) of the NGA. The *Humphries* court concluded that acts by a gas company that predated their instituting an NGA condemnation proceeding could be the subject of claims for trespass and unlawful taking, and that such claims were not preempted by the NGA. The plaintiff landowner in *Humphries* brought a lawsuit in state court asserting claims for trespass, unlawful taking, and damage to remaining property and against the defendant gas company in 1996. Thereafter, the defendant removed to federal court. In 1997, the defendant gas company filed a separate condemnation proceeding that was stayed pending the district court's resolution of the original case. The defendant moved for summary judgment on the trespass and unlawful taking claims, arguing that such claims were preempted by the NGA.

---

U.S. 804, 813 (1986); *see Fayviard v. UGI Storage Company*, 2014 WL 2565669, at *4 (M.D. Pa. June 6, 2014). Also, while it is true that "[u]nder [the] so-called 'complete preemption doctrine,' a plaintiff's state cause of action may be recast as a federal claim for relief, making its removal by the defendant proper on the basis of federal question jurisdiction," it remains the case that "[u]nder the well-pleaded complaint rule, a completely preempted counterclaim remains a counterclaim and thus does not provide a key capable of opening a federal court's door." *Vaden v. Discover Bank*, 556 U.S. 49, 61, 66 (2009) (alterations and internal quotation marks omitted).

The *Humphries* court disagreed that the claims had been preempted by federal law. The primary basis for the district court's conclusion was that the defendant gas company had failed to follow the condemnation procedures set forth in the applicable statute. The court explained:

> Congress intended § 717f(h) to create a procedure, if followed by the holder of a certificate of public convenience and necessity, which foreclosed the possibility that a disgruntled or financially motivated landowner could, directly or indirectly, grind construction of a pipeline to a halt by asserting state law claims against the holder of a certificate of public convenience and necessity.

*Id.* The court explained that, "[h]ad WNG followed the letter and intent of § 717f(h), the court would agree that all of Humphries' state law claims for trespass and unlawful taking would be preempted by federal law." *Id.* But WNG had "not scrupulously abide[d] by the terms of § 717f(h)," leading the court to conclude that "WNG's condemnation action does not preempt Humphries' claims that existed prior to the date that WNG filed its condemnation action." *Id.*

The *Humphries* court further explained that "it appears clear to the court that § 717f(h), by its language and structure, contemplates that the holder of a certificate of public convenience must attempt to reach an agreement with the owner of the property needed to construct the pipeline *before* actually taking the needed property." *Id.* at 1279–80. The *Humphries* court disagreed with the approach taken by the Ohio court in *Columbia Gas* on the basis that the Ohio court had failed to acknowledge the distinction between the eminent domain powers of the federal government and the more limited power of condemnation by a private party authorized in the § 717f(h):

> This court disagrees with this portion of the opinion in *Columbia Gas* because it fails to recognize that the gas company bringing the condemnation action is a private corporation, and that unlike the federal government, its only authority to condemn property is grounded in § 717f(h).

*Id.* at 1281; *see also Moore v. Equitrans, L.P.*, No. 12-123, 2014 WL 4802039, at *16 (N.D.W. Va. Sept. 23, 2014) ("Eminent domain statutes are strictly construed to exclude those rights not expressly granted.") (alterations and internal quotation marks omitted).

In conclusion, the *Humphries* court stated, "[c]onsequently, [WNG] is not entitled to the benefits of § 717f(h) when it does not adhere to the procedure it sets forth. Because it chose not to follow that procedure it cannot escape the consequences of its own acts." *Id.* at 1282; *see also 5655 Acres of Land & Coal in Indiana Cnty., Pa. v. Texas E. Transmission Corp.*, 190 F. Supp. 175, 177 (W.D. Pa. 1960) ("It is further well settled in Pennsylvania that where a corporation having the power of eminent domain enters on land in a legally defective manner, the party aggrieved may sue in ejectment and trespass for damages or the party may waive the tort and treat the action as a condemnation and petition for viewers to assess the damages.") (internal citations omitted).

More recent cases have followed the reasoning of *Humphries*. For example, in *Fayviard, LLC v. UGI Storage Co.*, No. 13-2400, 2014 WL 2565669 (M.D. Pa. June 6, 2014), the plaintiff brought claims that sought relief only under Pennsylvania state law. The defendant removed the case to federal court, arguing that the "claim depends upon an interpretation of the federal Natural Gas Act, the powers of FERC, a federal regulatory agency, and the effect of an application pending before FERC." *Id.* at *2 (alterations omitted). The district court disagreed with the defendant and remanded to the case to state court. In line with the *Humphries* opinion, the *Fayviard* court held that § 717f(h) granted federal jurisdiction only in cases where a defendant followed the procedures set forth in it.[3] The court explained:

---

[3] Other members of this Court have recognized the supremacy of federal law under the NGA in eminent domain proceedings when that authority has been invoked. *Steckman Ridge GP, LLC v. An Exclusive Natural Gas Storage Easement, et al*, 2008 WL 4346405, at *3 (W.D. Pa. Sept. 19, 2008).

UGI's citation to § 717f(h) is somewhat puzzling because, if anything, that provision indicates this case should be in state court. Section 717f(h) provides for federal jurisdiction over eminent domain actions involving CPCN-holders who have been unable to agree with a property owner on the price of a right-of-way or other property necessary to complete a certificated project. *See Nw. Pipeline G.P. v. Francisco*, 2008 WL 4547216, at *3 (W.D. Wash. Oct. 3, 2008) ("[B]ecause Defendants have not allowed [plaintiff gas company] to acquire their land and because the land may be deemed necessary by the certificate, [plaintiff] is entitled to initiate condemnation proceedings in district court."). Here, the predicates to federal jurisdiction are lacking. According to the Complaint, UGI has never sought to purchase Fayviard's oil and gas interests, and indeed UGI apparently has not come to possess a CPCN that would allow it to exercise its power of eminent domain to acquire those interests in federal court. *See UGI Storage Co.*, 133 F.E.R.C. 61073, 61397 (2010) ("[T]his order will certificate only those portions of the 2,980 acres of the proposed buffer zone for the Meeker facility for which UGI Storage has already acquired the necessary property rights or will be able to acquire such rights from [its predecessor]."). Had UGI taken those steps, the Court's analysis may well be different since § 717f(h) implies that the CPCN-holder is entitled to select his preferred forum. But the actual circumstances are otherwise and, accordingly, so is the result. *Cf. Humphries v. Williams Natural Gas Co.*, 48 F.Supp.2d 1276, 1279–83 (D. Kan.1999).

*Fayviard*, 2014 WL 2565669, at *4; *see also Columbia Gas Transmission LLC v. Crawford*, 267 F.R.D. 227, 228 (N.D. Ohio 2010) (holding that a landowner's counterclaim for trespass was not preempted by the NGA because the "alleged trespass [occurred] *before* Columbia Gas secured federal authorization"); *Am. Energy Corp. v. Texas E. Transmission, LP*, 701 F. Supp. 2d 921, 931 (S.D. Ohio 2010) (holding that "neither the PSA, nor the NGA, prevents claims based on state contract, tort, or property law").[4]

In addition to the support of these recent cases, there appears to be an even more basic reason to follow the approach taken by the *Humphries* court, one reaching back to the U.S. Supreme Court's opinion in *Pan American Petroleum Corp. v. Superior Court of Delaware In & For New Castle Cnty.*, 366 U.S. 656 (1961). In *Pan American*, the Court defined the contours of

---

[4]  The Court of Appeals for the Fourth Circuit appears have to paralleled the reasoning of *Humphries* in concluding that while the reach of the NGA was long, it was not limitless, dismissing the notion that a necessary consequence of NGA eminent domain power was the supplanting of all state law coverage of any land-use related disputes, absent the actual invocation of NGA eminent domain powers. That court concluded that the "absence of any actual provision . . . evidencing Congressional intent to create federal-question jurisdiction over appellee's state law property claim [was] dispositive." *Columbia Gas Trans. Corp. v. Drain*, 191 F. 3d 552, 556–57 (4th Cir. 1999).

the jurisdictional grant in the NGA. *Pan American* involved a private contract between parties, but certain provisions of the contract involved examination of the Natural Gas Act. The Delaware Supreme Court had held that the suit did not arise under federal law. The U.S. Supreme Court agreed, explaining that "questions of exclusive federal jurisdiction and ouster of jurisdiction of state courts are, under existing jurisdictional legislation, not determined by ultimate substantive issues of federal law," but rather, "[t]he answers depend on the particular claims a suitor makes in a state court—on how he casts his action." *Id.* at 662. Because the right sought by the plaintiff was a state contract claim, the Court noted that "[n]o right is asserted under the Natural Gas Act." *Id.* at 663. The Court went on to note:

> The suits are thus based upon claims of right arising under state, not federal, law. It is settled doctrine that a case is not cognizable in a federal trial court, in the absence of diversity of citizenship, unless it appears from the face of the complaint that determination of the suit depends upon a question of federal law.

*Id.* The Court noted that it did not matter that the defendant was "almost certain to raise a federal defense" or that "the plaintiff could have elected to proceed on a federal ground." *Id.* Rather, "[i]f the plaintiff decides not to invoke a federal right, his claim belongs in a state court." *Id.* Therefore, because "the right to be established is one created by the state," the case did not have to be brought in federal court. *Id.* at 663–64.[5]

Complete preemption is a limited exception to the well-pleaded complaint rule that "serves as a basis for federal jurisdiction over causes of action that may appear, on their face, to be based on state law but that are in truth only actionable under federal law due to Congress's

---

[5] The Third Circuit has affirmed the continuing validity of *Pan American*. *See United Jersey Banks v. Parell*, 783 F.2d 360, 368 (3d Cir. 1986) (citing *Pan Am.*, 366 U.S. 656) ("[A]lthough the Natural Gas Act had already been held to preempt state law on the issue of wholesale natural gas price, the Court [in *Pan American*] held that a contract price dispute filed in state court was not within the original jurisdiction of the federal courts."); *Manning v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 772 F.3d 158, 166 (3d Cir. 2014) (quoting *Pan Am.*, 366 U.S at 664) ("In § 22 of the Natural Gas Act, 'exclusive jurisdiction' is given the federal courts but it is 'exclusive' only for suits that may be brought in the federal courts. Exclusiveness is a consequence of having jurisdiction, not the generator of jurisdiction because of which state courts are excluded.") (alterations omitted).

clear intent to completely pre-empt a particular area of law." *Metro. Edison Co. v. Pa. Pub. Util. Comm'n*, 767 F.3d 335, 363 (3d Cir. 2014) (internal quotation marks omitted). The fact that the NGA is implicated in this action does not mean that the complete preemption doctrine applies. As the Third Circuit has explained:

> The Supreme Court has recognized the "complete preemption" doctrine in only three instances: § 301 of the LMRA, *see Avco Corp. v. Machinists,* 390 U.S. 557 (1968); § 502(a) of ERISA, *see Metro. Life Ins. Co. v. Taylor,* 481 U.S. 58 (1987); and §§ 85 and 86 of the National Bank Act, *see Beneficial Nat'l Bank v. Anderson,* 539 U.S. 1 (2003).

*N. J. Carpenters v. Tishman Constr. Corp.*, 760 F.3d 297, 302 (3d Cir. 2014). Natural gas regulation is not a completely preempted field. *Ne. Rural Elec. Membership Corp. v. Wabash Valley Power Ass'n, Inc.*, 707 F.3d 883, 895 (7th Cir. 2013), *as amended* (Apr. 29, 2013) ("Of particular significance, the Supreme Court has concluded that federal law does not completely occupy the field of wholesale natural gas regulation . . . .") (citing *Pan American*, 366 U.S. 656); *see also Columbia Gas Transmission, LLC v. Singh*, 707 F.3d 583, 593 (6th Cir. 2013) (concluding that federal-question jurisdiction does not exist even over disputes about the scope of existing natural gas pipeline easements because Congress has only created a very narrow provision "that allows gas companies to go to federal court to determine the amount of compensation for the creation of a new easement when a gas company cannot come to an agreement with a landowner who seeks more than $3000").

Nor can the Defendants' eminent domain counterclaim provide a basis for removal or otherwise support subject matter jurisdiction in this Court as of the time of removal, or now. The well-pleaded complaint rule prohibits a federal counterclaim from serving as the basis for a district court's "arising under" jurisdiction. As such, if a plaintiff's complaint raises only state law claims, a defendant's federal counterclaims cannot confer subject matter jurisdiction upon the federal court. *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831

(2002) ("It follows that a counterclaim—which appears as part of the defendant's answer, not as part of the plaintiff's complaint—cannot serve as the basis for 'arising under' jurisdiction."). The reason for this is that "allowing responsive pleadings by the defendant to establish 'arising under' jurisdiction would undermine the clarity and ease of administration of the well-pleaded-complaint doctrine, which serves as a 'quick rule of thumb' for resolving jurisdictional conflicts." *Id.* at 832. If a plaintiff's original action brought in state court raises only issues of state law, then, regardless whether the counterclaim raises issues of federal law, the federal district court lacks subject matter jurisdiction under 28 U.S.C § 1441(a).

The Third Circuit has explained that once a district court has determined that subject matter jurisdiction is lacking, it must remand the entire case back to the state court. *Lazorko v. Pennsylvania Hosp.*, 237 F.3d 242, 250 (3d Cir. 2000) ("When the underlying federal subject matter jurisdiction upon which to remove a case from state court does not exist, the entire case must be remanded.") (citing 28 U.S.C. § 1447(c)); *see also* Wright & Miller, 14C Fed. Prac. & Proc. Juris. § 3739 (4th ed.) ("If the federal court lacks subject-matter jurisdiction over an action removed under Section 1441 (a) and (b), that court must remand the entire case; it may not remand some, but fewer than all, of the claims that comprise the case.").

In *Palmer v. University of Medicine & Dentistry of New Jersey*, 605 F. Supp. 2d 624 (D.N.J. 2009), the plaintiff brought an employment retaliation action under a New Jersey state law in the Superior Court of New Jersey, Law Division, Essex County. The plaintiff's complaint alleged four separate causes of action in violation of New Jersey statutory and common law. One of the defendants asserted counterclaims against the plaintiff and also cross-claims alleging, among other things, a violation under 42 U.S.C. § 1983. A different defendant, on the basis of the § 1983 cross-claim, removed the action to federal court. The plaintiff filed a motion to

remand, and the removing defendant opposed the motion. The court determined that the entire case had to be remanded, reasoning that "from a policy perspective, a district court's decision to retain jurisdiction over federal claims contained in counterclaims, cross-claims, and third-party claims, but remand non-removable state law claims, would not only hinder judicial economy but lead to potentially inconsistent judgments." *Id.* at 632. The court then remanded the entire action to state court. *Id.* at 634.[6]

---

[6] In *M, G & B Servs., Inc. v. Buras,* No. 04-1509, 2004 WL 1872718 (E.D. La. Aug. 19, 2004) (footnote omitted), the court remanded an entire action to state court over the defendants' request to sever their federal counterclaim:

> The Court remands the action for lack of subject matter jurisdiction under 28 U.S.C. 1447(c). Defendants ask the Court to sever their Sherman Act counterclaim and consider it on its own merits. The Court does not have jurisdiction over this action. The Court cannot assert its jurisdiction to sever claims when it does not have jurisdiction over the action at all. *See Holmes Group,* 535 U.S. at 831 (noting that counterclaims cannot serve as a basis for federal question jurisdiction). Accordingly, the Court will not sever defendants' Sherman Act counterclaim.

*Id.* at 5; *see also Mike Nelson Co. v. Hathaway,* No. 05-0208, 2006 WL 3826736, at *4 (E.D. Cal. Dec. 28, 2006) (remanding entire action to state court despite the presence of federal counterclaims). Accordingly, this entire case, including the counterclaim, must be remanded.

## IV. CONCLUSION

Because the Court concludes that the Plaintiffs' state law claims were not, in the circumstances present here, completely preempted by the NGA, their case does not "aris[e] under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, and the case must therefore be remanded pursuant to 28 U.S.C. § 1447(c). For the reasons stated in this Opinion, the entire action, including the counterclaim of Defendant Equitrans, must be remanded. The case will therefore be remanded forthwith to the Court of Common Pleas of Greene County, Pennsylvania.

An appropriate Order will be entered.

Mark R. Hornak
United States District Judge

Dated: March **23**, 2015

cc:     All counsel of record